UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ROGER MOISES BONILLA MARQUEZ, ABRAHAN TROCEL-MONTENEGRO, and GIBSON PEREZ PIÑA, Petitioners, v. JULIO HERNANDEZ, Seattle Acting Field Office Director, Enforcement and Removal Operations, Immigration and Customs Enforcement (ICE); BRUCE SCOTT, Warden of Northwest ICE Processing Center; MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; and TODD BLANCHE, Acting U.S. Attorney General, Respondents. | No. 2:26-CV-1349-SAB **ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS  RE: Roger Moises Bonilla Marquez** |

Before the Court is Petitioner Bonilla Marquez's Petition for Writ of Habeas Corpus, ECF No. 1. Petitioner is represented by Bianca Rey, Dylan Salzman, Katherine Marie Peaslee, and Stephen E. Morrissey. Respondents are represented by Jordan Carter Steveson and Peter Hansen Clark.

Petitioner Bonilla Marquez is a citizen of Nicaragua who participated in

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS  #1**

protests against that nation's government around 2018. Several years later, police came to his home and threatened to arrest him for treason. He subsequently fled from Nicaragua and entered the United States via Texas on December 13, 2022. At that time he presented himself to immigration authorities and was released two days later due to a lack of detention capacity. He then relocated to Maryland and attended all of his immigration check-in appointments, which were initially every three months, then every six months, and eventually once per year. He has no criminal history.

On March 5, 2026, Petitioner Bonilla Marquez appeared for his annual check-in appointment at the immigration office in Baltimore. Upon his arrival, immigration officials seized his identification, took his fingerprints, photographed him, and informed him that he was under arrest. After his arrest, he was transferred to the Northwest Immigration Processing Center in Tacoma, Washington, where he has been detained since.

Prior to his arrest and re-detention, Petitioner Bonilla Marquez was not provided with notice or a hearing.

Courts in this District have held that when an immigration petitioner is released and later retained, that petitioner is held in detention pursuant to § 1226(a) and is therefore not subject to mandatory detention. *See e.g.*, *Lopez Camacho v. Ice Field Office Director*, No. 2:26-CV-00925-RAJ, 2026 WL 1243459 (W.D. Wash. May 6, 2026). When determining whether a petitioner held under § 1226(a) has received appropriate due process regarding detention, courts in this District apply the three-factor *Mathews* test. *See e.g.*, *Rana v. Bondi*, No. 26-cv-244, 2026 WL 472800, at *3 (W.D. Wash. Feb. 19, 2026).  Those three factors are (1) "the private interest that will be affected by the official action," (2) "the risk of an erroneous deprivation of such interest through the procedures used, and probable value, if any, of additional or substitute procedural safeguards," and (3) the Government's interest. *Mathews v. Eldridge*, 424 U.S. 319, 334–35 (1976). When evaluating the

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**  #2

third factor, Courts must analyze the governmental function involved, as well as the fiscal and administrative burdens that additional or substitute procedures would require. *Id*. at 335.

Courts in this District have routinely determined that a finding in favor of an immigration petitioner under *Mathews* requires immediate release in order to restore the status quo. *See e.g.*, *Rana* 2026 WL 472800, at *4–5; *Camacho*, 2026 WL 1243459 at *8; *K.G.M.Q. v. Bondi*, No. 2:26-CV-00506-TL, 2026 WL 962609, at *12 (W.D. Wash. Apr. 9, 2026); *Kirykovich v. Hernandez*, 26-cv-695, 2026 WL 890459, at *4 (W.D. Wash. Apr. 1, 2026) ("Because the constitutional violation is the absence of pre-deprivation process, the proper remedy is to restore the status quo ante—that is, to return [the petitioner] to the conditions that existed before his unlawful detention."). Under Ninth Circuit caselaw, the status quo is "the last uncontested status which preceded the pending controversy." *Tanner Motor Livery, Ltd. v. Avis, Inc.*, 316 F.2d 804, 809 (9th Cir. 1963) (citation omitted).

The *Mathews* factors weigh in favor of Petitioner Bonilla Marquez. First, Petitioner has a protected liberty interest in remaining free from custody, especially since he was released into the community in 2022. Second, the risk of deprivation of liberty is high: it does not appear that Respondents conducted a hearing to determine an individualized risk of flight or danger. Third, Respondents' interest in re-detaining Petitioner without a hearing is minimal: while holding a hearing would have cost time and money, those costs are outweighed by Petitioner's liberty interests.

As to whether Petitioner should be released, the Court notes that Petitioner's re-detainment was the impetus for the pending controversy. Therefore, Petitioner should be released because that was his status prior to re-detainment. *See Tanner*, 316 F.2d at 809. Furthermore, the WDWA caselaw clearly states that having a bond hearing now would not cure the underlying constitutional violation and that

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS #3**

release is therefore the only way to return the status quo.

Accordingly, **IT IS ORDERED**:

1. Petitioner Bonilla Marquez's Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED**.

2. **Within one (1) day of the date of this order, Respondents shall release Petitioner from immigration detention**. Within two (2) days of the date of this order, Respondents shall file a certification that Petitioner has been released.

3. Respondents shall not re-detain Petitioner without providing pre-detention notice and affording Petitioner a hearing unless detention becomes statutorily mandated.

4. At any re-detention hearing, Respondents shall bear the burden to show by clear and convincing evidence that Petitioner is a flight risk or a danger to the community.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and provide copies to counsel.

**DATED** this 1st day of June 2026.

_____

Stanley A. Bastian

United States District Judge

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS  #4**